ANTONIA RODRÍGUEZ WIDOW OF DENIZARD, *pro se* and in representation of her minor children MARTÍN and OBDULIA DENIZARD RODRÍGUEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent, and STATE INSURANCE FUND, Insurer.

No. 214. Submitted January 12, 1941.—Decided February 25, 1941.

*Buenaventura Esteves,* for petitioner; *Virgilio Brunet,* for Isabel María Rosario and Heriberto Irizarry, beneficiaries.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The widow of Denizard and her two legitimate children, as beneficiaries of the workman Miguel Denizard, request this Court to review and annul the decision of the Industrial Commission of August 3, 1940, by virtue of which two illegitimate children of the workman were also declared beneficiaries.

To this effect they allege that the workman, working for Miguel F. Gil, suffered an accident on September 17, 1937 as a consequence of which he died on March 17, 1939; that on the following August 14th the State Insurance Fund declared the petitioners, that is, the widow and the legitimate children of the workman, beneficiaries and awarded them a compensation of $1,421.29 to be distributed in equal parts among the three; that on August 23, 1939, the firm of Attorneys Brunet & Casiano, representing Juana Rosario, as the mother with patria potestas over the minor Isabel María Rosario, and Petra Adarich Rodríguez, as foster-mother of the minor Heriberto Irizarry, alleging that both minors were the adulterous children of the workman and were dependent upon his income for their upkeep, appealed to the Industrial Commission from the decision of the Manager because they understood that they had been ignored; that after the corresponding hearing the Commission declared said adulterous children to be beneficiaries; that a reconsideration of this decision was requested and denied; and that the decision of the Commission is unjust, erroneous and against the law and the facts for the following reasons:

"(a) Because in said decision it is held that the child Heriberto Irizarry was dependent upon the income of the workman for his upkeep, the truth being that Petra Adarich (foster-mother of said child) testified under oath before the Manager of the State Insurance Fund, 'that the supposed father of said child did not give him anything,' which testimony was taken into consideration by the Manager to determine that said child was not dependent either

totally or partially on the workman and to deny the compensation requested by said foster-mother. (This testimony appears in the record of the case and was presented as evidence before the Comission to attack the veracity of the witness Petra Adarich, who testified in a different manner at the hearing before the Commission);

"(*b*) Because said decision is not in accord with the provisions of Sections 116 and 117 of the Civil Code since Juana Rosario (one of the appellants before the Industrial Commission) is a married woman whose husband is Angel Santiago—who is alive—and her daughter Isabel María Rosario, whose real surname is Santiago, is a child of this matrimony and appears recorded in the Civil Registry under the name of Isabel María Santiago, legitimate daughter of Angel Santiago and Juana Rosario, as appears from a certificate of said registry which is filed in the record and which was considered by the Manager of the State Fund in deciding the case originally; and which shows that said daughter is not the adulterous child of the deceased workman and the act of the mother in alleging that she is the adulterous daughter of the workman' after the latter's death' is equivalent to an attack on the legitimacy of her daughter, a thing which can not be done by the mother and which was also equivalent to a collateral attack of the record of her birth which can not be done either without permission from the corresponding district court;

"(*c*) Because said decision is contrary to the provisions of Section 5, paragraph 2 (sic) of the Workmen's Compensation Act, since the compensation has not been distributed according to the provisions of said act, since adulterous children (without accepting that they are such) have been given a compensation equal to that of the widow and the legitimate children."

The three motives copied above constitute the alleged errors charged in the brief filed by petitioner.

■ The first can not be considered because it involves an error of fact and not a question of law. Whether the minor Irizarry depended or not totally or partially on the income of his father, the deceased workman, is a question which was decided by the commission affirmatively in accordance with the evidence presented to it. And the circumstance that the witness Adarich testified before the Commission in a different manner to that in which she testified before the Manager

does not mean, as a matter of law, that the Commission could not give credit to what she said before it.

█ The second error also involves a question of fact. In order to convert it into a matter of law it is insisted that the Commission could not ignore the provisions of Section 116 of the Civil Code to the effect that legitimacy may only be impugned by the husband, who in this case is living, and the provisions of Section 6 of the Civil Registry Act, which states that once a record has been signed no rectification, addition or amendment which may alter it substantially may be made, except by virtue of an order of the district court.

If the application of the Workmen's Compensation Act were not involved, the situation would be different, but as such act is the one in question, the authority of the Commission directly to decide the dependency is clear. The purpose of the statute, as was said by this Court in the case of *Rivera* v. *Industrial Commission*, 55 P.R.R. 846, is that the compensation should substitute in so far as possible the protection which the deceased workman gave to his dependents. And in that case there was also involved the question of an adulterous child and a record in the civil registry.

The decision of the Commission does not go beyond the compensation case itself. The record of the civil registry shall continue to exist unless it be annulled by a court with jurisdiction to do so according to law.

As the Commission had the power to act as it did, as stated at first, the question involved is one of fact and the law which authorizes this review does not authorize the discussion and decision of a question of fact. Act No. 45 of 1935 v. 1, p. 250, Section 11.

█ In regard to the third error, that is, that the Commission was not authorized to make the distribution, which authority is held only by the Manager according to Section 3, paragraph 5 of the Workmen's Compensation Act, it will be sufficient to say that this authority in fact corresponds to

the Manager, but that this does not imply that if a case is appealed to the Commission, in deciding it the Commission may not take into consideration the facts and the law and render the proper decision which should have been given, and was not, by the Manager.

The petition for a writ of review is denied.

Mr. Justice Todd, Jr., took no part in the decision of this case.